```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**EDWARD L. EVANS, JR.,**

       **Plaintiff,**

v.    //    CIVIL ACTION NO. 1:12CV167
                    (Judge Keeley)

**HOME DEPOT U.S.A., INC., et al.**

       **Defendants.**

**ORDER DENYING DEFENDANT'S MOTIONS TO EXCLUDE EXPERT TESTIMONY OF DR. DAVID BIZZAK [Dkt. Nos. 58 & 65]**

Pending before the Court is defendant's, Home Depot U.S.A., Inc. ("Home Depot"), motions to exclude the expert testimony of Dr. David Bizzak ("Bizzak"). (Dkt. Nos. 58 & 65).[1] For the reasons that follow, the Court **DENIES** Home Depot's motions.

**I.**

This case arises out of injuries allegedly sustained by the plaintiff, Edward L. Evans ("Evans"), while shopping at Home Depot in Bridgeport, Harrison County, West Virginia, on October 3, 2010. Plaintiff alleges that, while at the Home Depot store, he began loading OSB boards onto a materials handling cart ("cart") with the assistance of then-Home Depot associate David "Kyle" Simons ("Simons"). Either during or after the loading, the OSB boards fell off the cart and onto Evans injuring him. The cause of the accident

---

[1] Home Depot has filed two identical motions to exclude the expert testimony of Dr. David Bizzak in this case. (Dkt. Nos. 58 & 65).

**EVANS V. HOME DEPOT, ET AL.**                                    **1:12CV167**

**ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE
EXPERT TESTIMONY OF DR. DAVID BIZZAK**

is the main issue in dispute in the case. Evans has retained Bizzak to provide expert testimony on this matter.

**II.**

Under Federal Rule of Evidence 702[2], a court should admit expert testimony if it is both reliable and aids the jury in understanding the evidence. It is the burden of the proponent of the expert testimony to establish its admissibility by a preponderance of the evidence. Higinbotham v. KCS Int'l, Inc., 85 Fed. Appx. 911 (4th Cir. 2004).

To determine reliability, a court should evaluate the expert's methodology, not his conclusion. TFWS v. Schaefer, 325 F.3d 234, 240 (4th Cir. 2003). It is incumbent on the trial judge "faced with a proffer of expert scientific testimony [to] conduct 'a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue.'" Cooper v. Smith & Nephew, Inc., 259 F.3d 194, 199 (4th

---

[2]FRE 702 provides: "If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form or an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and(3) the witness has applied the principles and methods reliably to the facts of the case."

**EVANS V. HOME DEPOT, ET AL.** 1:12CV167

**ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE
EXPERT TESTIMONY OF DR. DAVID BIZZAK**

Cir. 2001). The court's evaluation of the proposed expert testimony "is always a flexible one, and the court's conclusion necessarily amount[s] to an exercise of broad discretion guided by the overarching criteria of relevance and reliability." "A reliable expert opinion must be based on scientific technical or other specialized knowledge and not on belief or speculation, and inferences must be derived using scientific or other valid methods." Oglesby v. General Motors Corp., 190 F.3d 244, 250 (4th Cir. 1999).

In general, the reliability of an expert is assessed using the following non-exclusive factors:

1) whether the expert's theory can be or has been tested;
2) whether the theory has withstood peer review and publication;
3) whether there is a known or potential rate of error;
4) whether standards exist for the application of the theory; and
5) whether the theory has been generally accepted by the relevant scientific community.

Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U. S. 579 (1993).

**EVANS V. HOME DEPOT, ET AL.** 1:12CV167

**ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE
EXPERT TESTIMONY OF DR. DAVID BIZZAK**

The Supreme Court has moved away from blind adherence to the five factors set forth in Daubert, instead requiring that the "particular circumstances" of the "particular case" at issue be identified to determine if the case requires scientific expertise or more personal knowledge and / or experience; to determine what, if any, Daubert factors are applicable in the process of determining the reliability of an expert's opinion. Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999).

### III.

Home Depot seeks to exclude the proposed expert testimony of Bizzak. Bizzak has a PhD in Mechanical Engineering and extensive experience in accident reconstruction and mechanical failures. He was retained by Evans to review physical evidence, assess the statements of witnesses, and to examine the cart involved in the incident in order to opine as to the proximate cause of the accident. (Dkt. No. 63 at 7).

Bizzak's report contains a description of the accident, a discussion explaining that the cart involved in the incident was produced by Home Depot, and an analysis of testimony provided by Home Depot employees related to the inspection and maintenance of the cart and training on how it should be operated. Finally,

**EVANS V. HOME DEPOT, ET AL.**                                      **1:12CV167**

**ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE
EXPERT TESTIMONY OF DR. DAVID BIZZAK**

Bizzak provides various conclusions, to a reasonable degree of engineering certainty, regarding the accident. The relevant conclusions are:

- Overturning of the load of OSB sheets on a sheet material cart occurred as a result of a force applied to the load by Mr. Kyle David Simons, a Home Depot employee who was assisting Mr. Evans at the time of the accident;

- One cannot exclude the possibility that the condition of the material cart was a causal factor in the accident, since it cannot be established that the subject cart was preserved;

- No means exists to uniquely identify the material cart that was involved in the accident and available testimony and photographs suggest that the subject cart was not preserved; and

- The negligence of Home Depot-through the actions of Mr. Simons and/or of proper maintenance of the material cart-was the proximate cause of the accident.

(Dkt. No. 67 at 6-7).

### IV.

Home Depot first moves to exclude Bizzak's opinion related to inspection, maintenance, training, and surveillance footage, asserting it is all a recitation of fact evidence that does not necessitate an expert opinion. (Dkt. No. 58 at 6). However, Evans has agreed to not question Bizzak on these issues. (Dkt. No. 63 at

**EVANS V. HOME DEPOT, ET AL.**                                    **1:12CV167**

**ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE
EXPERT TESTIMONY OF DR. DAVID BIZZAK**

9). Thus, Home Depot's motion to exclude Bizzak's testimony on this basis is now moot.

Secondly, Home Depot seeks to exclude Bizzak's opinion that Simons' force caused the OSB boards to slide off the cart, inasmuch as it is unreliable, speculative, and unhelpful to the jury. (Dkt. No. 58 at 4). In support of its contention, Home Depot argues that Dr. Bizzak's opinions on causation are not based on specific technical or engineering theories and contain conclusions that could be drawn independently by the jury. (Dkt. No 58 at 5-6).

Bizzak's conclusions on causation, however, were formulated within a reasonable degree of engineering certainty and based upon the knowledge he has gained through the years he has spent working as a mechanical engineer, his extensive education, and his experience in accident reconstruction and mechanical failures. Additionally, in preparing his report for this case, he reviewed physical evidence, analyzed statements of witnesses, and examined the cart purportedly involved in the accident. As such, Bizzak is able to provide specialized knowledge that will assist the jury in both understanding how the cart generally operates and functions and also determining the proximate cause of the accident.

**EVANS V. HOME DEPOT, ET AL.**                                          **1:12CV167**

**ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE**
**EXPERT TESTIMONY OF DR. DAVID BIZZAK**

    Bizzak has assessed the cart from an engineering perspective as to design components, size, function, movement rotation, load bearing, wheel base, balance, and operation. Further, he has analyzed applicable peer reviewed theories and principles of the mechanism of injury and accident reconstruction in formulating his conclusions on the proximate cause of the accident.[3] His opinions are far beyond those of a lay person and will therefore enable the jury to better understand how the collapse at issue occurred.

    Thus, based on a review of Bizzak's reports, the Court concludes that he is a witness qualified as an expert by knowledge, experience, training, and education and may therefore testify in this case. As such, the testimony Bizzak has to offer as to the proximate cause of the accident is based on "scientific, technical, or other specialized knowledge" that "will assist the trier of fact to understand the evidence or to determine a fact in issue." The Court further concludes that 1) Bizzak's proffered testimony is based upon sufficient facts or data, (2) is the product of reliable principles and methods, and that (3) Bizzak has applied the

---

[3]The plaintiff, with permission of Home Depot, has provided the Court with a supplemental report which provides additional support for Bizzak's findings. (Dkt. No. 64).

**EVANS V. HOME DEPOT, ET AL.** 1:12CV167

**ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE
EXPERT TESTIMONY OF DR. DAVID BIZZAK**

principles and methods reliably to the facts of this case. <u>Oglesby v. General Motors Corp.</u>, *supra*.

**V.**

Thus, for the reasons stated, the Court **DENIES** Home Depot's motions to exclude the expert testimony of Dr. David Bizzak. (Dkt Nos. 58 & 65).

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Memorandum Opinion and Order to counsel of record.

DATED: November 26, 2013.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE